David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiff,
DOUGLAS C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS C.,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC.; UNITED BEHAVIORAL HEALTH; PETER KIEWIT SONS', INC. WELFARE BENEFIT PLAN; and DOES 1 through 10,<br><br>  Defendants. | Case No.<br><br>**PLAINTIFF DOUGLAS C.'s COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); BREACH OF FIDUCIARY DUTY; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, DOUGLAS C. herein sets forth the allegations of this Complaint against Defendants UNITED HEALTHCARE SERVICES, INC.; UNITED BEHAVIORAL HEALTH; PETER KIEWIT SONS', INC. WELFARE BENEFIT PLAN; and DOES 1 through 10.

## PRELIMINARY ALLEGATIONS

### JURISDICTION

1. Plaintiff brings this action for relief pursuant to Section 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132(a)(1)(B), and (a)(3). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e), (f) and (g), 29 U.S.C. Section 1132 (e), (f), and (g) and 28 U.S.C. Section 1331

as it involves a claim made by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question.

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and enforcing Plaintiff's rights under the terms of an employee benefit plan named as a Defendant.

3. Plaintiff seeks relief, including but not limited to: past mental health benefits in the correct amount related to Defendants' improper denial of Plaintiff's claim; prejudgment and post judgment interest; general and special damages; and attorneys' fees and costs; and any other form of equitable relief that may arise during the pendency of this action and that the Court may deem appropriate.

## PARTIES

4. Plaintiff is and at all times relevant was a resident of the State of California.

5. At all relevant times, DOUGLAS C. participated in an employee welfare benefit plan, PETER KIEWIT SONS', INC. WELFARE BENEFIT PLAN, ("the Plan") within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1), sponsored by Plaintiff's employer.

6. Mental Health benefits under the Plan were at all relevant times administered by Defendants UNITED HEALTHCARE SERVICES, INC. and/or its subsidiary UNITED BEHAVIORAL HEALTH (both entities hereinafter referred to where appropriate as "United").

7. United is a health insurance provider authorized to transact and currently transacting the business of insurance in the State of California.

8. C.C. is DOUGLAS C.'s son and a Plan beneficiary.

9. M.C. is DOUGLAS C.'s son and a Plan beneficiary.

10. At all relevant times, the Plan was an insurance plan that offered, *inter alia*, mental health benefits to employees and their beneficiaries, including Plaintiff, C.C., and M.C. This action involves mental health claims denied by United Behavioral Health and guaranteed under the Plan.

**FACTS**

11. The Plan guarantees, warrants, and promises coverage for medically necessary health care services, care and treatment, including but not limited to: health care services, mental health care, and the treatment at issue herein.

12. At all relevant times C.C. and M.C. were beneficiaries of the Plan, and the Plan was in full force and effect.

13. The Summary Plan Description defines Medically Necessary services as services that are

- In accordance with Generally Accepted Standards of Medical Practice.
- Clinically appropriate, in terms of type, frequency, extent, site and duration, and considered effective for your Sickness, Injury, Mental Illness, substance-related and addictive disorder, disease or its symptoms.
- Not mainly for your convenience or that of your doctor or other health care provider.
- Not more costly than an alternative drug, service(s) or supply that is at least as likely to produce equivalent therapeutic or diagnostic results as to the diagnosis or treatment of your Sickness, Injury, disease or symptoms.

14. The Plan contemplates treatment for participants and beneficiaries in a residential treatment center.

15. The Plan covers mental health expenses and services including stays in residential treatment facility.

16. California's Mental Health Parity Act, Health & Safety Code §1374.72, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses.

17. At all times relevant, M.C. was diagnosed with, *inter alia*, adjustment disorder and cannabis use disorder. At all times relevant, C.C. was diagnosed with major depressive disorder and adjustment disorder.

18. When C.C. was 10 and when M.C. was 12, their mother was diagnosed with cancer.

19. When C.C. was 12 and when M.C. was 14, their mother passed away.

20. Around 2016, Both C.C. and M.C. began having severe behavioral problems. They would physically fight one another and other family members.

21. C.C. ran away from home on multiple occasions. His behavior was unmanageable at home.

22. As a result of his worsening conditions, C.C. was admitted to Center for Discovery, a residential treatment center. Upon his discharge, C.C.'s behavior was worse than ever and he was soon thereafter admitted to Liahona Preparatory Academy.

23. Despite ongoing treatment, C.C.'s condition continued to deteriorate.

24. M.C.'s condition had also been deteriorating. He self-harmed, breaking both of his wrists shortly after his mother passed away.

25. M.C. became increasingly violent and destructive. He destroyed items in the home.

26. As a result of his worsening conditions, M.C. was admitted to Liahona Preparatory Academy. Upon discharge, his behavior continued to worsen. He physically fought constantly with his brother C.C. and at one point attacked him with a knife.

27. As a result of their worsening conditions and the failure of prior treatment attempts, both C.C. and M.C. were admitted to Diamond Ranch Academy ("Diamond Ranch"), a residential treatment center.

28. At all times relevant, both C.C.'s and M.C.'s treatment at Diamond Ranch was medically necessary, based upon the reasoned medical opinions of their mental health providers.

29. Plaintiff filed claims for mental health benefits with Defendants for C.C.'s and M.C.'s treatment at Diamond Ranch.

30. Defendants denied Plaintiff's claims for C.C.'s and M.C.'s treatment at Diamond Ranch.

31. Plaintiff timely appealed Defendants' claim denials.

32. Defendants denied Plaintiff's appeals.

33. Plaintiff timely filed second level appeals for C.C.'s and M.C.'s treatment at Diamond Ranch.

34. Defendants denied Plaintiff's second level appeals.

35. In denying Plaintiff's claim for care and treatment for C.C. and M.C., United used "level of care guidelines" that are unfair and biased against approving medically necessary, sub-acute claims for residential treatment such as are at issue herein, and that do not reflect reasonable standards in the medical community.

36. The level of care guidelines used by United to deny C.C. and M.C's care fall below reasonable standards of care in the medical community.

37. United breached the generally accepted standard of care herein, by failing to accept and consider that treatment is not limited to simply alleviating an individual's current mental health symptoms, and by ignoring and failing to consider the long-term, chronic nature of C.C.'s and M.C.'s mental health needs.

38. United breached the generally accepted standard of care herein, by failing to accept and consider that effective treatment of co-morbid, or co-occurring behavioral health disorders requires consideration of the interaction of these disorders, and the implications of these disorders on determining the proper and appropriate level of care.

39. United breached the generally accepted standard of care herein, by failing to accept and consider that where there is ambiguity over the proper level of care, that practitioners should err on the side of caution and should place patients in the higher level of care.

40. United breached the generally accepted standard of care herein, by improperly focusing on acute symptomology and failing to consider that the same level of care is needed when an acute crisis has passed, and by failing to consider the likelihood of regression and risk of further acute symptomology.

41. All of the above failures, *inter alia*, constitute an abuse of discretion by United in the handling of C.C.'s and M.C.'s claims for mental health care and treatment.

42. As a result, Plaintiff was forced to pay for C.C.'s and M.C.'s care and treatment at Diamond Ranch from his own personal funds.

43. Plaintiff has exhausted all administrative remedies regarding the denial of C.C.'s and M.C.'s mental health benefits.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Recovery of Benefits Due Under an ERISA Benefit Plan**
(Against UNITED HEALTHCARE SERVICES, INC.; UNITED BEHAVIORAL HEALTH; PETER KIEWIT SONS', INC. WELFARE BENEFIT PLAN; and DOES 1-10 For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Post Judgment Interest, and Attorneys' Fees and Costs, Pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B))

44. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

45. ERISA Section 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

46. At all relevant times, Plaintiff, and his sons C.C. and M.C. were insured under the health care plan at issue herein. At all relevant times, C.C. and M.C. met the medical necessity criteria for treatment required under the terms and conditions of the Plan.

47. By denying Plaintiff's mental health claim, Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

48.     The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

**SECOND CAUSE OF ACTION**
**Breach of Fiduciary Duty Under ERISA § 502(a)(3), 29 U.S.C. Section 1132(a)(3)**
**(against Defendants UNITED HEALTHCARE SERVICES, INC.; UNITED BEHAVIORAL HEALTH; PETER KIEWIT SONS', INC. WELFARE BENEFIT PLAN; DOES 1-10)**

49.     Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

50.     At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Policy, disposition of Plan assets, and administration of the Policy.

51.     Plaintiff asserts that a claim for benefits due under the Policy does not provide him with an adequate remedy at law in light of Defendants' continuing course of conduct in violating the terms of the Policy and applicable law as described below.

52.     ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), requires fiduciaries to discharge their duties solely in the interests of employee benefit plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the plan.

53.     ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), requires fiduciaries to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

54.     ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to discharge their duties in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA.

55.     In committing the acts and omissions herein alleged, Defendants breached their fiduciary duties in violation of ERISA §§ 404(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A)(B) and (D).

56. At all material times herein, Defendants, and each of them, violated these duties by, *inter alia,* the following:

    A. Consciously, unreasonably, intentionally, and without justification, failing to disclose to plan participants their use of Optum "level of care guidelines" that are unfair and biased against approving claims for residential treatment such as are at issue herein, and that do not reflect reasonable standards in the medical community;

    B. Consciously, unreasonably, intentionally, and without justification, violating California's Mental Health Parity Act, Health & Safety Code §1374.72, as well as the Federal Mental Health Parity and Addictions Equity Act of 2008 ("MHPAEA") which specifically require that health care plans provide medically necessary diagnosis, care and treatment for the treatment of specified mental health illnesses at a level equal to the provision of benefits for physical illnesses;

    C. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits, and consciously and unreasonably failing to investigate all bases to support coverage fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

    D. Consciously and unreasonably asserting improper bases for denying full payment of Plaintiff's claim, and related claims and/or similar claims, for mental health care benefits;

    E. Consciously and unreasonably interpreting the Plan in a manner designed to deny and minimize benefits and in a manner that thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its own profits and minimize the benefits that it pays claimants;

    F. Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim and similar claims are payable and with the intent of boosting profits at Plaintiff's and other claimants' expense; and

G.   Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, and the review of denied claims.

57.   As a result of Defendants' breaches of fiduciary duty, Plaintiff has been harmed, and the Defendants have been permitted to retain assets and generate earnings on those assets to which Defendants were not entitled.

58.   Plaintiff further requests judgment permanently enjoining Defendants United HealthCare Services, Inc. and United Behavioral Health from ever again serving as a fiduciary with respect to the Plan, together with attorneys' fees and cost; and enjoining the Plan from using level of care guidelines that fall below reasonable standards in the medical community, either as written or as applied, or both. In addition, Plaintiff seeks appropriate equitable relief from all Defendants, and each of them, including an order by this Court that, based upon principles of waiver and/or estoppel, Plaintiff is entitled to benefits in the amount of the cost of C.C.'s and M.C.'s treatment at Diamond Ranch. In addition, Plaintiff seeks disgorgement of profits, make-whole relief, and that Plaintiff be placed in the position that he would have been in had he been paid the full amount of benefits to which he is entitled, including, without limitation, interest, attorneys' fees and other losses resulting from Defendants' breach.

## PRAYER FOR RELIEF

### AS TO ALL DEFENDANTS

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

1.   Declare that Defendants, and/or each of them, violated the terms of the Plan by failing to provide mental health benefits;

2.   Order Defendants, and/or each of them, to pay the mental health benefits due, together with prejudgment interest on each and every such benefit payment through the date of judgment at the rate of 9% compounded;

3.   For appropriate equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including but not limited to a declaration of Plaintiff's rights hereunder with respect

to Defendants UNITED HEALTHCARE SERVICES, INC.; UNITED BEHAVIORAL HEALTH; PETER KIEWIT SONS', INC. WELFARE BENEFIT PLAN; an injunction against further failure to provide like benefits; injunctive relief requiring Defendants to adjudicate claims for mental and behavioral health benefits utilizing generally accepted standards of care; removal of Aetna as a Plan fiduciary; disgorgement of any profits or ill gotten gain realized by any Defendants; and surcharge for any pecuniary injuries Plaintiff has suffered as a consequence of Defendants' breaches of their ERISA fiduciary duties;

4. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

5. Provide such other relief as the Court deems equitable and just, including but not limited to all remedies set forth in ¶52, below.

**AS TO ALL CAUSES OF ACTION:** For such other and further relief as the Court deems just and proper.

Dated: April 14, 2022                    Respectfully submitted,

**DL LAW GROUP**

By: */s/ David M. Lilienstein*
David M. Lilienstein
Katie J. Spielman
Attorneys for Plaintiff, DOUGLAS C.